PER CURIAM.
Plaintiffs appeal from the final judgment of the Tax Court dismissing their complaint challenging Galloway Township’s levying of an omitted assessment for tax year 1992 on billboards located on land owned by plaintiff Scola, Inc., and leased to plaintiff R.C. Maxwell Company. This judgment is based on a written decision by Judge Lario reported at 13 N.J.Tax 519 (Tax 1993) which concludes that the billboards are taxable as real property.
We affirm substantially for the reasons set forth in Judge Lario’s opinion. However, some limited supplemental discussion is appropriate with respect to his conclusion that billboards are “ordinarily intended to be affixed permanently to real property.”
The definition of taxable real property contained in N.J.S.A 54:4-1 was added by chapter 117 of the Laws of 1986. As observed by the Tax Court, sitting en banc in Chevron U.S.A., Inc. v. City of Perth Amboy, 9 N.J.Tax 205, 227 (Tax 1987), “[u]ndisputedly the purpose and object of c. 117 is to tax as real *189 property certain property which under prior law may have been taxable as personal property.” To achieve this objective, the Legislature provided, among other things, that personal property affixed to real property would be exempt from taxation as real property pursuant N.J.S.A 54:4 — 1(a) only if it is “not ordinarily intended to be affixed permanently to real property.” “The use of the word ‘ordinarily’ before the word ‘intended’ shifts the focus of the inquiry from what is actually intended ... to what is ‘ordinarily intended’ with respect to property.” Chevron U.S.A, Inc. v. City of Perth Amboy, supra, 9 N.J.Tax at 242. “[T]he fact that property is removable without physical injury to it or the real property to which it is affixed does not stand in the way of the conclusion ... that the same property is ordinarily intended to be affixed permanently to the real property.” Ibid. Moreover, “outward appearances are a relevant consideration” in determining “ordinary intent.” Id. at 243.
Applying these principles, Judge Lario correctly concluded that wooden billboards, as described in the certification of David C. Maxwell, the President of plaintiff R.C. Maxwell Company, and depicted in the diagrams attached to his certification, are ordinarily intended to be affixed permanently to real property. The billboards are constructed on site and the fourteen vertical anchors and beams of the structure are sunk six feet into the ground, conveying an appearance of permanency on the site. Moreover, although a billboard may be taken down in a way which preserves most of its component parts for salvage, plaintiffs do not allege that a billboard can be moved intact or that the salvageable component parts are ever reassembled as the same billboard at a new site.
Although the trial court’s findings also might justify a conclusion that wooden billboards are “improvements” to real property, see Koester v. Hunterdon County Bd. of Taxation, 79 N.J. 381, 392-93, 399 A.2d 656 (1979), we agree with Judge Lario that even if these billboards are viewed as “personal property affixed to ... real property,” plaintiffs failed to present evidence which could *190 justify a conclusion that they are “not ordinarily intended to be affixed permanently.”
Affirmed.